UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED MATERIALS, INC, <br><br> Plaintiff, <br><br> v. <br><br> MULTIMETRIXS, LLC, <br><br> Defendant. <br> _____ / | No. C 06-07372 MHP <br><br> **MEMORANDUM & ORDER** <br><br> **Re: Motion for Exceptional Case Finding and Award of Attorneys' Fees** |

During the course of an action brought by plaintiff Applied Materials, Inc. ("Applied") against Multimetrixs, LLC ("Multimetrixs") to correct the inventorship of United States Patent Number 6,831,287 ("the '287 patent"), the court *sua sponte* raised the issue of inequitable conduct. The court found clear and convincing evidence that defendant, through the conduct of its principals and co-inventors on the '287 patent Mark Kesel, Boris Kesil and Elik Gershenzon, committed inequitable conduct before the United States Patent and Trademark Office ("PTO").  Now before the court is plaintiff's motion for exceptional case finding and award of attorneys' fees.  Having considered plaintiff's submissions and oral arguments, the court rules as follows.

BACKGROUND

Because the facts of the case have been reviewed in prior orders issued by this court, only a brief summary is needed here. This action began when Applied brought suit against Multimetrixs asserting, *inter alia*, that two of its engineers—Allen Lau and Michael Feltsman—conceived the invention claimed in the '287 patent. The '287 patent was issued to Boris Kesil, David Margulis, and Elik Gershenzon on December 14, 2004, and Multimetrixs is the assignee. In this litigation, Applied sought correction of inventorship of the '287 patent pursuant to 35 U.S.C. section 256. Multimetrixs asserted, among other counterclaims, that Applied was infringing the '287 patent.

On March 11-14 2008, the court conducted a bench trial on the issue of inventorship of the '287 patent. During that trial, Applied elicited testimony from Boris Kesil, one of Multimetrixs' officers and a listed co-inventor of the '287 patent, that in the course of prosecuting the '287 patent, he caused Multimetrixs to submit forged signatures of purported inventor David Margulis to the PTO. In light of this testimony, the court *sua sponte* raised the issue of inequitable conduct before the PTO. The court ordered the parties to brief the issue and oral argument was held on May 21, 2008. Pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 15(b), plaintiff was also deemed to have amended the pleadings to conform to the evidence presented at trial.

In a July 22, 2008 Memorandum and Order, the court issued findings of fact and conclusions of law regarding inequitable conduct and declared the '287 patent unenforceable by reason of inequitable conduct by clear and convincing evidence. See Docket Nos. 115 (Memorandum and Order) and 116 (Judgment). The court also dismissed Multimetrixs' counterclaim against Applied for infringement of the '287 patent, and granted Multimetrixs' counsels' motion to withdraw as counsel of record. The court ordered that Applied not file any motions, including its requested motion for exceptional case under 35 U.S.C. section 285, for thirty days so as to allow Multimetrixs time to locate substitute counsel. The court also instructed that if Multimetrixs failed to retain substitute counsel to respond to exceptional case or fee motions, the court would enter default judgment against Multimetrixs.

On August 21, 2008, before Applied filed any motion, Multimetrixs filed a bankruptcy petition to commence a voluntary Chapter 7 bankruptcy case, and filed a notice of stay of proceedings with this court under 11 U.S.C. section 362(a). See Docket No. 119. On November 21, 2008, Applied obtained an order from the United States Bankruptcy Court for the Northern District of California, San Jose Division, that modified the automatic bankruptcy stay, to permit Applied to proceed in this action. See Order Approving Agreement and Stipulation to Modify the Automatic Stay, In re Multimetrixs, LLC, Case No. 08-54635-ASW-7 (Bankr. N.D. Cal.), D.E. 23, Nov. 21, 2008.

On December 3, 2008, Applied filed a motion for an exceptional case finding, a judgment against Multimetrixs for attorneys' fees and costs incurred up until the court's finding of inequitable

2

1  conduct, and sanctions against Multimetrixs' principals Kesel, Kesil and Gershenzon for their
2  personal bad faith misconduct in the action. Applied also requested that the court hold Kesel, Kesil
3  and Gershenzon jointly and severally liable for the fee award.

4  Multimetrixs, still without substitute counsel of record, failed to submit an opposition to
5  Applied's motion. Multimetrixs' former counsel accepted service on behalf of the presently
6  unrepresented defendant.

7  On January 26, 2009, the non-parties Kesel, Kesil and Gershenzon filed a "Statement Re:
8  Applied's Motion for Sanctions Against Non-parties As Individuals." See Docket No. 128. The
9  Statement was originally filed in letter format and attorneys for Kesel, Kesil and Gershenzon
10 contend this filing does not submit their non-party clients to any form of jurisdiction in the court.
11 On February 2, 2009, an oral hearing was held on the matter and was attended by Applied and
12 counsel for Kesel, Kesil and Gershenzon.

14 LEGAL STANDARD

15 Under the Patent Act, a court "in exceptional cases may award reasonable attorney fees to the
16 prevailing party." 35 U.S.C. § 285. Misconduct during litigation, vexatious or unjustified litigation,
17 and frivolous suits are among the circumstances which may make a case "exceptional" under section
18 285. See Amsted Indus., Inc. v. Buckeye Steel Castings Co., 23 F.3d 374, 376 (Fed. Cir. 1994)
19 (citation omitted); Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed. Cir.
20 2002) ("[l]itigation misconduct and unprofessional behavior are relevant to the award of attorney
21 [sic] fees, and may suffice, by themselves, to make a case exceptional"). The party seeking
22 attorneys' fees must prove that the case is exceptional by clear and convincing evidence. Interspiro
23 USA, Inc. v. Figgie Intern. Inc., 18 F.3d 927, 933 (Fed. Cir. 1994).

24 A court's decision to grant attorneys' fees in a patent case requires a two-step process.
25 Forest Labs, Inc. v. Abbott Labs., 339 F.3d 1324, 1327 (Fed. Cir. 2003). First, the prevailing party
26 must prove by clear and convincing evidence that the case was exceptional. Id. at 1328. Inequitable
27 conduct before the PTO has been found to constitute an exceptional case. See Nilssen v. Osram
28 Sylvania, Inc., 528 F.3d 1352, 1358 (Fed. Cir. 2008); Brooks Furniture Mfg., Inc. v. Dutailier Int'l,

3

1  Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005) (deeming a case exceptional "when there has been some
2  material inappropriate conduct related to the matter in litigation, such as . . . inequitable conduct in
3  the procurement of the patent, misconduct during the litigation . . . or like infractions."). If the case
4  is found to be exceptional, then a court should determine whether a fee award is appropriate. Cybor
5  Corp. v. FAS Techs., 138 F.3d 1448, 1460 (Fed. Cir. 1998) (*en banc*). With respect to determining
6  whether a fee award is appropriate, a court should weigh factors such as degree of culpability,
7  closeness of the questions, and litigation behavior. Nilssen, 528 F.3d at 1359. A fee award may be
8  appropriate where there is litigation misconduct and inequitable conduct before the PTO. Id.

10 DISCUSSION

11  Applied contends that Multimetrixs' inequitable conduct makes this case exceptional, as the
12 Federal Circuit recognizes inequitable conduct before the PTO as a classic exceptional case
13 justifying an award of attorneys' fees. Cambridge Prods., Ltd. v. Penn Nutrients, Inc., 962 F.2d
14 1048, 1050-51 (Fed. Cir. 1992). Applied argues there is also a public policy interest in rewarding a
15 party who successfully renders a patent unenforceable when it was acquired by wrongdoing, such as
16 inequitable conduct before the PTO, and in penalizing the patentee who obtained a patent by such
17 wrongdoing. Monolith Portland Midwest Co. v. Kaiser Aluminum & Chem. Corp., 407 F.2d 288,
18 294 (9th Cir. 1969).

19  Applied also argues that Multimetrixs' bad faith litigation conduct makes this case
20 exceptional and justifies an award of attorneys' fees. Mathis v. Spears, 857 F.2d 749, 754 (Fed. Cir.
21 1988). In support of this argument, Applied cites the court's findings that Multimetrixs, through the
22 actions of Kesel, Kesil and Gershenzon, lied under oath at deposition and trial about a forged
23 signature submitted to the PTO; lied about the purported conception of the invention; attempted to
24 bribe a witness to give false testimony at trial; served and verified under oath a knowingly false
25 interrogatory response; and failed to produce relevant documents during discovery.

26  Finally, Applied argues that Kesel, Kesil and Gershenzon, as Multimetrixs' principals,
27 should be held personally liable for their inequitable conduct and bad faith litigation conduct.
28 Applied notes that Multimetrixs filed for bankruptcy after the court issued its inequitable conduct

4

1   order and expresses concern that Multimetrixs will attempt to evade responsibility by selling its
2   remaining patents to a judgment-proof shell company.  Applied argues that the court has power to
3   impose personal liability under both 35 U.S.C. section 285 and also through its inherent authority to
4   impose sanctions for bad faith litigation conduct.  See Mach. Corp. of Am. v. Gullfiber AB, 774
5   F.2d 467, 475 (Fed. Cir. 1985); Chambers v. NASCO, Inc., 501 U.S. 32, 35, 44-46 (1991).

6   Although Multimetrixs has not responded or appeared in the case post-judgment, counsel for
7   Kesel, Kesil and Gershenzon advances two reasons why its clients should not be held personally
8   liable for the attorneys' fees.  First of all, the non-parties have no standing and were never served
9   Applied's papers or any other papers in this case.  Counsel asserts that the court has no power to
10  award attorneys' fees against a non-party in a patent case without the due process of an amended
11  proceeding, with service, and an opportunity to respond to the pleading and contest the allegations.
12  See Nelson v. Adams USA, Inc., 529 U.S. 460 (2000).

13  Counsel also raises a second due process concern.  Counsel argues that the request for
14  attorneys' fees is based on a finding of inequitable conduct by the court, but the inequitable conduct
15  was allegedly never tried.  Counsel contends that by agreement of the parties and the court, the
16  action was bifurcated for trial, with the first phase addressing inventorship only, while a second
17  phase was to address issues of infringement, validity and equitable defenses that include inequitable
18  conduct.  By making a determination of inequitable conduct (based on the court's finding that
19  signatures of co-inventor David Margulis was forged), the court considered issues that had "no
20  relevance to the represented issue or any other issue of inventorship."  Counsel argues it was
21  premature of the court to consider inequitable conduct in phase one and that it was made "without a
22  trial and thus without due process."  Counsel contends that had the issue of inequitable conduct
23  actually been tried, defendant would have offered evidence showing that there was no "forgery" and
24  thus no inequitable conduct. Counsel concludes the finding underlying the request for attorneys' fees
25  was unsound for being based on an issue not actually tried.

26  I.      Exceptional Case Analysis

27  Because the court found clear and convincing evidence of inequitable conduct, it is
28  appropriate to find this case exceptional.  See, e.g., Nilssen, 528 F.3d at 1358.  The court also found

5

that Multimetrixs, through the actions of its principals Kesel, Kesil and Gershenzon, engaged in litigation misconduct as detailed above. Considering Multimetrixs' litigation misconduct and its inequitable conduct in prosecuting the '287 patent, a fee award is appropriate and amply supported by case law.

There is no merit to the argument raised by counsel for the non-parties Kesel, Kesil and Gershenzon that the finding of inequitable conduct itself violated due process. The court already addressed this argument, when Multimetrixs previously alleged that Applied sought to "ambush" Multimetrixs with an inequitable conduct claim on the last day of the inventorship trial, despite the fact that Applied had not pled a charge of inequitable conduct in its complaint. The court already noted in its July 22, 2008 Memorandum and Order that:

> Multimetrixs' accusation that Applied "surprised" it with an inequitable conduct claim is nonsensical because it was the *court* that raised the issue and ordered further briefing. See Docket Entry 105, Minutes of Hearing on April 16, 2008. Applied questioned Boris Kesil about the forgeries for credibility purposes on the inventorship issue. The court then raised the issue of inequitable conduct *sua sponte*. The court gave both sides ample opportunity to brief the issue and present oral arguments, and the court also deemed the pleadings to have been amended to correspond to the evidence presented at trial. The court cannot ignore the glaring evidence of both materiality and intent and set aside its finding of inequitable conduct simply because of the unusual procedural circumstances in which the underlying facts came to light.

Docket No. 115 at 13:14-22 (emphasis added).

Thus, there was no due process violation pursuant to the inequitable conduct holding. This is an exceptional case.

A. Attorneys' Fees and Costs

When awarding attorneys' fees, a court may award fully compensatory fees that encompass all hours reasonably expended on the litigation "[w]here a plaintiff has obtained excellent results." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). Additionally, under 35 U.S.C. section 285, a court may award costs. Goodwall Constr. Co. v. Beers Constr.Co., 991 F.2d 751, 759 (Fed. Cir. 1993).

Applied seeks attorneys' fees in the amount of $1,374,994.50. In a declaration filed with its moving papers, Applied breaks down this total amount by each individual attorney's contribution to pre-trial, trial, and post-trial proceedings in this case. The declaration also compares Applied's counsel's (Munger, Tolles & Olson LLP) billing rates from 2006-2008 with billing rates from

6

Morrison & Foerster and with a billing rates report from the American Intellectual Property Law Association.

Comparing these rates, it appears that Applied's counsel's billing rates are reasonable. Applied also seeks costs in the amount of $52,934.44. These costs span the time from inception of litigation to the date of the court's inequitable conduct order and are generally described in the same declaration. In total, Applied seeks fees and costs in the amount of $1,427,926.94, which appear to be reasonable expenditures made for the purpose of this case.

## II.     Personal Liability for Kesel, Kesil and Gershenzon

The Supreme Court's decision in Nelson suggests that it would violate due process to hold a non-party principal of a corporation personally liable for payment of fees and costs assessed against the corporation. 529 U.S. 460 (2000). In Nelson, the plaintiff feared it would be unable to collect a fee award from the defendant company, so it sought to amend its pleading and the district court's judgment to personally name as a party the company president, whose behavior had been adjudged to constitute inequitable conduct before the PTO. Id. at 463-64. The Court, however, held that it violated the company president's due process rights to adjudge him personally liable for the fee award the moment he was made a party. Id. at 465.

Following the reasoning of Nelson, the Central District of California also declined to hold an individual personally liable for a fee award because he was not personally named as a party to the action, even though he had acted as an agent for the defendant corporation in committing fraud on the PTO and had been the "architect" of the fraud. Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp., 151 F. Supp. 2d 1192, 1208 (C.D. Cal. 2001).

Here, as in Nelson, it was the conduct of Multimetrixs' principals Kesel, Kesil and Gershenzon on behalf of Multimetrixs that led this court to find inequitable conduct before the PTO. However, due process requires that Kesel, Kesil and Gershenzon be named as parties and given the opportunity to respond and be heard before being subjected to a judgment of personal liability. See Nelson, 529 U.S. at 461. Therefore, it would not be appropriate to hold Kesel, Kesil and Gershenzon jointly and severally liable with defendant for Applied's attorneys' fees and costs at this time.

7

The Nelson decision, however, is not meant to shield the individual from liability. Id. at 472. In Nelson, all the company president won was the due process right, under Federal Rule of Civil Procedure Rule 15, to contest on the merits his personal liability for the fees that were originally imposed solely on the company. Id. Here, the court is willing to provide a similar remedy to Applied by granting Applied leave to amend its complaint to add Kesel, Kesil and Gershenzon as individual defendants from whom fees could be collected. Applied may also use the alternative option to attempt to go behind the judgment and reach the individual defendants by adding claims in its complaint of an *ultra vires* or related nature. Applied is also granted the option to initiate other proceedings appropriate to reach the individuals in question and in a manner consistent with this order.

CONCLUSION

Based on the foregoing, plaintiff's motion for exceptional case finding and award of attorneys' fees is **GRANTED** as to Multimetrixs; it is **DENIED** without prejudice as to Kesel, Kesil and Gershenzon. Multimetrixs, LLC, shall pay to Applied Materials, Inc. as and for attorneys' fees and costs the amount of $1,427,926.94 within sixty (60) days of the filing of this order.

Plaintiff is granted leave to file an amended complaint or to initiate other proceedings in accordance with the preceding paragraph within sixty (60) days of the filing of this order if it appears that Multimetrixs will fail to pay any or all of the amount ordered..

IT IS SO ORDERED.

Dated: May 26, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California